## CASE NO. 23-20256

_____

### IN THE
### UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

_____

**Everett De'Andre Arnold; Kaden Bradford; Sandy Arnold,**

**Plaintiffs-Appellees**

**v.**

**Barbers Hill Independent School District; Barbers Hill Independent School District's Board of Trustees; Fred Skinner; Greg Poole,**

**Defendants-Appellants**

_____

**On Appeal from the
United States District Court
Southern District of Texas
Houston Division**

_____

### OPPOSED MOTION TO STAY TRIAL PROCEEDINGS IN THE DISTRICT COURT PENDING RESOLUTION OF INTERLOCUTORY APPEAL

_____

TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT:

Appellants Barbers Hill Independent School District, Barbers Hill Independent School District's Board of Trustees, Fred Skinner and Greg Poole file

this Opposed Motion to Stay Proceedings in the District Court Pending Resolution of

Interlocutory Appeal pursuant to Federal Rule of Appellate Procedure 8 as follows:

1.     On March 30, 2023, the district court held a status conference with all

Parties. *See* Dkt. 262. During this status conference, the Parties discussed the issue

of legislative privilege and immunity as it relates to the impending depositions of

Barbers Hill ISD Trustee Fred Skinner, Superintendent Dr. Greg Poole, and the

District's 30(b)(6) Representative that were, at that time, set for May 4, 2023, and

the week of May 8, 2023. *Id*. The Parties and the district court agreed to address this

issue by the District filing a motion for protection on an expedited briefing schedule.

*Id*.

2.     On March 31, 2023, the district court entered an Agreed Second

Amended Docket Control Order (DCO). *See* Dkt. 264. This DCO set the discovery

deadline for June 16, 2023, with dispositive motions and expert challenges due on

June 15, 2023, and June 21, 2023, respectfully. *Id*.

3.     Simultaneously, on March 31, 2023, the Parties notified the district

court of an agreed expedited briefing schedule on the District's motion for protection

regarding the scope of questioning during the depositions of Trustee Skinner and

Superintendent Poole that may invade legislative immunity and the corresponding

testimonial privilege. *See* Dkt. 263. Compliant with the agreed briefing schedule, the

District filed its motion for protection, on April 5, 2023; the Plaintiffs filed their

response on April 14, 2023; and the District filed its reply on April 18, 2023. *See* Dkts. 265-267.

4.      On May 1, 2023, the Parties emailed the district court requesting a status on the pending motion for protection, as Mr. Skinner's deposition was upcoming on May 4, 2023. *See* Email Correspondence "Inquiry re: pending motion," attached as Exh. 1.

5.      On May 2, 2023, the district court notified the Parties, via email, that it required additional time to review the briefing and enter an Order. *Id*. As such, the district court instructed the Parties to postpone the depositions until May 11, 2023. *Id*. With that instruction, the Parties agreed to reschedule the depositions of Mr. Skinner, Dr. Poole, and the 30(b)(6) Representative.

6.      On May 8, 2023, the district court held a status conference to address another discovery issue in the case. *See* Dkts. 268-270; Dkts. 287, 291 (Transcript of Hearing). During the hearing, the district court orally granted in part and denied in part the District's motion for protection and instructed the Parties to submit a proposed order that tracked the deposition procedure entered in *League of United Latin American Citizens v. Abbott*, No. 21-CV-259, 2022 WL 1570858 (W.D. Tex. May 18, 2022) (*LULAC*), by May 10, 2023. *See* Dkts. 270, 287 at 5:6-25.

7.      However, the Parties could not agree on a proposed order (for the same reason the District took this interlocutory appeal) and notified the district court of

the disagreement, on May 10, 2023. *See* Dkt. 272, attached as Exh. 2. The Parties'

substantive disagreement centered around the *LULAC* court's procedure that

required the deponent to answer in full all questions, regardless of whether the

legislative privilege was asserted. *Id.* The District asserts this procedure would

essentially eviscerate the deponents' legislative privilege. *Id.* Both Parties attached

their individual proposed orders to the letter correspondence that was filed with the

district court that outlined the reasons for the dispute. *Id.* at Exhs. A-B.

8.    On May 17, 2023, this Court entered a ruling in *La Union Del Pueblo*

*Entero v. Abbott*, No. 22-50435, 2023 WL 349770 (5th Cir. May 17, 2023). In its

ruling, this Court expressly rejected the use of a protective order to guard legislative

privilege, as proposed and instituted by the *LULAC* court.

9.    As such, on May 22, 2023, the District notified the district court of this

interceding binding authority. *See* Dkt. 274.

10.   On May 31, 2023, Plaintiffs filed a response disagreeing with the

District's supplemental briefing. *See* Dkt. 281.

11.   The depositions of Mr. Skinner, Dr. Poole, and the 30(b)(6)

Representative were rescheduled to June 5, 8, and 9, 2023.

12.   On June 1, 2023, the Thursday before Mr. Skinner's Monday

deposition, the district court entered its Order granting in part and denying in part

the District's Motion for Protection of the Board's Legislative Immunity. *See* Dkt.

282, attached as Exh. 3. In this Order, the district court adopted Plaintiffs' proposed order, which tracked the exact same procedures and reasoning outlined in *LULAC,* which the District contested and this Court has rejected. *Id*.

13.    As such, that same day, on June 1, 2023, the District, Mr. Skinner, Dr. Poole, and the District's Board of Trustees filed a Notice of Interlocutory Appeal appealing the district court's Order in Dkt. 282. *See* Dkt. 285. This appeal divested the district court of jurisdiction over the issues addressed in its Order but did not stay the case in its entirety. *Id*.; *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Jackson Muni. Airport Auth. v. Harkins*, 67 F.4th 678 (5th. Cir. 2023).

14.    After the District filed its Notice of Interlocutory Appeal, the Parties agreed to reschedule the remaining depositions of Dr. Poole, Mr. Skinner, and the 30(b)(6) Representative. *See* Email Correspondence "Arnold v. BHISD," attached as Exh. 4.

15.    On June 7, 2023, the Parties filed a Joint Motion to Vacate Remaining Deadlines. *See* Dkt. 288, attached as Exh. 5. In this Joint Motion, the Parties detailed that discovery could not be completed (specifically, the depositions that are impacted by legislative privilege) pending the resolution of the legislative privilege issue on

interlocutory appeal. *Id*. As such, the Parties requested the district court vacate all remaining deadlines until after the legislative privilege issue is adjudicated to conclusion. *Id*. On June 8, 2023, by email, the District notified the district court of the filed Joint Motion to Vacate, noting the impending discovery and dispositive motion deadlines, set for June 15 and 16, 2023. *See* Email Correspondence "Courtesy Update on Outstanding Matters," attached as Exh. 6.

16.    The district court did not enter an order on the Parties' Joint Motion to Vacate. As such, on June 12, 2023, the Parties filed a Joint Emergency Motion for Status Conference. *See* Dkt. 292. This Emergency Motion requested an emergency status hearing to address the Parties' Joint Motion to Vacate, considering the impending dispositive motion and discovery deadlines. *Id*. The District provided a copy of this Joint Emergency Motion to the district court, via email, on June 12, 2023. *See* Email Correspondence "Emergency Joint Motion for Status Conference," attached as Exh. 7.

17.    On June 13, 2023, the District emailed the district court highlighting the Parties' inability to complete discovery, in light of the appeal, by the deadline noted in the DCO, and notifying the district court that the District did not intend to file dispositive or pretrial motions until discovery could be complete. *Id*.

18.     On June 14, 2023, the district court granted the Parties' Joint Emergency Motion for Status Conference and held a hearing that day at 3:30PM. *See* Dkts. 293, 296.

19.     During the hearing, the district court orally stated that the Parties could agree to move any deadlines in the DCO, other than the docket call and trial date. *See* Dkt. 296, attached as Exh. 8. As such, in light of their inability to complete discovery and file pretrial motions in accordance with the then-current deadlines, the Parties agreed, on record, to vacate the remaining deadlines in the current DCO. *Id.*; *see also* Dkts. 294-295 (transcript of hearing ordered by both Parties). The district court further ordered the Parties to submit a proposed Third Amended DCO. *See* Exh. 8; Dkts. 294-295.

20.     However, the district court stated that it would not move the docket call or trial dates, currently set for August 11, 2023, and September 11, 2023, and instructed the Parties to proceed forward with discovery, ***including the depositions of Mr. Skinner, Dr. Poole, and the 30(b)(6) Representative***. *See* Exh. 8; Dkts. 294-295, 301.

21.     As such, the District made an oral motion to stay the proceedings, which the Court denied. *See* Exh. 8 ("The Court denied Defendant Barbers Hill ISD's oral request for a stay of the depositions in which Barbers Hill intends to invoke legislative privilege."); *see also* Dkts. 294-295. In doing so, the district court

instructed the District to seek relief in the form of a stay in this Court. *See* Dkts. 294-295.

22.     Pursuant to the district court's Order, Plaintiffs filed an unopposed motion for entry of an Agreed Third Amended DCO. *See* Dkt. 299. The new proposed dates set the discovery deadline for July 14, 2023, and the dispositive motions deadline for July 17, 2023. *Id*. In the motion, the District notes its position as unopposed being subject to its reservation of rights to seek a stay in this Court and the Supreme Court, as well as its assertions of privilege and witness availability. *Id*.

23.     On July 20, 2020, the district court entered the Third Amended DCO setting the discovery deadline for July 14, 2023, and the dispositive motions deadline for July 17, 2023. *See* Dkt. 301.

24.     Based on the district court's denial of the District's oral motion to stay and the amended DCO in place, the District requests a stay of all trial proceedings below in this Court.

25.     A stay is warranted. This Court's review of the legislative privilege issue on appeal is undoubtedly necessary before depositions proceed. Depositions where deponents will be compelled to provide answers under oath to all questions posed by Plaintiffs' counsel, regardless of whether such questions invade the deponents' legislative privilege, is in direct contravention to this Court's decision in

*La Union Del Pueblo Entero v. Abbott*, No. 22-50435, 2023 WL 3494770 (5th Cir. May 17, 2023).

26.     What is more, the district court's affirmative action to Order the Parties proceed forward with the depositions of these specific deponents interferes with this Court's clear jurisdiction over the discrete issue on appeal. *See Griggs*, 459 U.S. at 58. Understanding the implications of the District's interlocutory appeal and its effect on the Parties' ability to conduct those depositions, ***the Parties agreed to reschedule the depositions of Mr. Skinner, Dr. Poole, and the 30(b)(6) Representative, as well as filed a Joint Motion to Vacate the Remaining Deadlines in the case, pending the appeal***. *See* Exh. 5. The district court's decisions to deny the Parties' Joint Motion to Vacate, deny the District's oral motion to stay, and instead order the Parties to move forward with depositions in which the deponents are required to answer questions protected by the legislative privilege improperly maintains and exercises jurisdiction the district court does not have, as well as invades the jurisdiction of this Court. *Id*. This Court should not allow this to occur. A stay is necessary to preserve both the deponents' right to assert the legislative privilege and this Court's ability to adjudicate this discrete appeal, without the issue being rendered moot by the district court's refusal to stay the depositions.

27.     Additionally, a stay is necessary because discovery cannot be complete within the time limits imposed by the district court – specifically, the immovable

trial date of September 11, 2023. Further, the Parties are impeded in their ability to effectively prepare for a September 11, 2023, trial, because the Parties are unable to complete discovery in the form of three crucial depositions (including of the Rule 30(b)(6) deponent), while the issue of legislative privilege is on appeal in this Court. The Parties will be prejudiced by being forced to trial without the benefit of completing discovery.

## CONCLUSION & PRAYER FOR RELIEF

Appellant Barbers Hill Independent School District, Barbers Hill Independent School District's Board of Trustees, Fred Skinner and Greg Poole respectfully request this Court grant its Opposed Motion to Stay Proceedings in the District Court Pending Resolution of Interlocutory Appeal. The Appellants request this Court, at a minimum, stay the depositions of Mr. Skinner, Dr. Poole, and the 30(b)(6) Representative, but, as a matter of practicality, stay all proceedings below, including all remaining pretrial and discovery deadlines, docket call setting, and trial setting, until such time as this Court resolves this interlocutory appeal on the district court's Order regarding legislative immunity.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

/s/ Jonathan Griffin Brush

_____
RICHARD A. MORRIS
State Bar No. 14497750
rmorris@rmgllp.com
JONATHAN GRIFFIN BRUSH
State Bar No. 24045576
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
ademmler@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone: 713/960-6000
Facsimile: 713/960-6025

ATTORNEYS FOR APPELLANTS

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that counsel for Appellants conferred in good faith with counsel for Appellees regarding the contents of this Motion and the relief requested therein and counsel for Appellees oppose this Motion and its relief.

/s/ Amy Demmler

_____
Counsel for Appellants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

I further certify that (1) the required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

I further certify that I will mail the correct number of paper copies of the foregoing document to the Clerk of the Court when requested.


/s/ Jonathan Griffin Brush

_____

Jonathan Griffin Brush
Attorney for Appellants

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to FED. R. APP. P. 27 and Local Rule 27.4, the undersigned certifies that this Motion complies with the limitations of FED. R. APP. P. 27 and contains **2,109 words** excluding Appellant's Certificates of Conference, Service, and Compliance, prepared in a proportionally spaced typeface using Microsoft Office Word 2023 in 14 point Times New Roman font in text and 12 point Times New Roman font in footnotes.

The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 27 may result in the Court's striking the Motion and imposing sanctions against the person signing the Motion.

/s/ Jonathan Griffin Brush
_____

Jonathan Griffin Brush
Attorney for Appellants

# EXHIBIT 1

## Amy Demmler

| | |
|---|---|
| **From:** | Byron Thomas <Byron_Thomas@txs.uscourts.gov> |
| **Sent:** | Tuesday, May 2, 2023 2:28 PM |
| **To:** | Ashley Burrell |
| **Cc:** | Amy Demmler; Jonathan Brush; TEAM ARNOLD BRADFORD – AG; Team Arnold Bradford |
| **Subject:** | RE: Arnold et al v. Barbers Hill Independent School District et al., (4:20-cv-1802), Inquiry re: pending motion |

Good afternoon

I received word back from Chambers that Judge needs more time to review this motion.

Please hold off until May 11, 2023.

_____

Byron Thomas, Case Manager
To The Honorable United States
District Judge George C. Hanks, Jr.

**From:** Ashley Burrell <aburrell@naacpldf.org>
**Sent:** Monday, May 1, 2023 11:07 AM
**To:** Byron Thomas <Byron_Thomas@txs.uscourts.gov>
**Cc:** Amy Demmler <ademmler@rmgllp.com>; Jonathan Brush <jbrush@rmgllp.com>; TEAM ARNOLD BRADFORD – AG <TEAMARNOLDBRADFORD-AG@akingump.com>; Team Arnold Bradford <teamarnoldbradford@naacpldf.org>
**Subject:** Arnold et al v. Barbers Hill Independent School District et al., (4:20-cv-1802), Inquiry re: pending motion

**CAUTION - EXTERNAL:**

Dear Mr. Thomas,

I hope this email finds you well. Plaintiffs' counsel writes regarding a pending motion in *Arnold et al v. Barbers Hill Independent School District et al.,* (4:20-cv-1802).

Defendant's Motion for Protection of the Board's Legislative Immunity (along with Plaintiffs' Response and Defendant's Reply) is currently pending before the Court, *ECF. Nos.* 265 -267. Presently, Plaintiffs are scheduled to depose a BHISD Board member on Thursday, May 4, 2023. The Court's ruling will impact Plaintiffs' universe of questioning. Thus, Plaintiffs write to inquire whether the Court anticipates a ruling on the aforementioned motion prior to May 4, 2023.

Plaintiffs will work with opposing counsel to reschedule the May 4th Deposition if the Court anticipates a ruling after May 4 and/or if the Court would like to hear argument on the matter.

Thank you in advance.

Defendant's counsel is CC'ed on this email.

Sincerely,

Ashley Burrell

Ashley M. Burrell
Assistant Counsel



40 Rector Street, 5th Floor, New York, NY 10006
o: 212-965-2200 | c: 646-265-5115 | aburrell@naacpldf.org
naacpldf.org

PRIVILEGE AND CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT 2



Akin Gump Strauss Hauer & Feld LLP
1111 Louisiana Street
44th Floor
Houston, TX 77002

T   +1 713.220.5800
F   +1 713.236.0822
akingump.com

**Roxanne Tizravesh**
+1 713.250.2249 / fax: +1 713.236.0822
rtizravesh@akingump.com

May 10, 2023

VIA ELECTRONIC COURT FILING

Honorable Judge George C. Hanks, Jr.
United States District Judge
515 Rusk St., Room 6202
Houston, TX 77002

Re:     Case No. 4:20-cv-01802; *Everett De'Andre Arnold, et al. v. Barbers Hill ISD*; In the United States District Court for the Southern District of Texas, Houston Division - Joint Letter Regarding Procedures for Upcoming Depositions and Legislative Privilege

Dear Judge Hanks:

We write regarding a dispute over the procedures to govern potential legislative privilege issues in Plaintiffs' upcoming depositions of BHISD Board Member Fred Skinner and Superintendent Dr. Greg Poole.  At a May 8, 2023 discovery hearing, the Court instructed the parties to submit a proposed order outlining a procedure for the depositions and assertions of legislative privilege tracking the deposition procedure set forth in *League of United Latin Am. Citizens v. Abbott*, No. 21-CV-259, 2022 WL 1570858 (W.D. Tex. May 18, 2022).  Plaintiffs and Defendant shared proposed orders and have reached an impasse on material differences in the procedure that should govern.  Provided below for the Court's consideration are the Parties' respective arguments regarding the procedures for the depositions and assertions of legislative privilege.

### *Plaintiffs' Position*

Plaintiffs believe that the Court's instructions during the May 8, 2023 discovery hearing were clear: submit a proposed order "tracking the deposition procedure set forth in *League of United Latin Am. Citizens v. Abbott*, No. 21-CV-259, 2022 WL 1570858."  *See* Hrg. Mins. Dated May 8, 2023, Dkt. No. 270.  The procedure set forth in the case states:

**Akin**

Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 2

(1) Parties should proceed with depositions and the deponents must appear and testify even if it appears likely that legislative privilege may be invoked in response to certain questions.

(2) Deponents may invoke legislative privilege in response to particular questions, ***but the deponent invoking the privilege must then answer the question in full.*** The response will be subject to the privilege.

(3) The portions of deposition transcripts containing questions and answers subject to the privilege shall be deemed to contain confidential information and shall therefore be subject to the "Consent Confidentiality and Protective Order"(Dkt. 202) previously entered in this case.

(4) If a party wishes to use any portion of deposition testimony that is subject to legislative privilege, that party must seal those portions and submit them to the Court for in camera review, along with a motion to compel.

(5) Any such motion to compel shall be filed by August 1, 2022. Though the Court sets this deadline, it encourages the parties to file earlier, if at all possible.

*League of United Latin Am. Citizens v. Abbott*, 2022 WL 1570858, at *2 (emphasis added). Plaintiffs' proposed order sets forth these instructions verbatim, and only diverges from the language provided in *League of United Latin Am. Citizens* in order to clarify the governing protective order and the deadline to submit motions to compel. Defendant's proposed order is materially different than the instructions set forth in *League of United Latin Am. Citizens*. Defendant's proposal rejects the requirement that deponents must be instructed to answer the question in full, requiring Plaintiffs to incur the time and expense of holding a deposition while refraining from asking the bulk of their questions (which Defendant claims implicate legislative privilege), then submit a motion to compel testimony with a



Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 3

list of unanswered questions for the Court to review, thereby requiring Plaintiffs to hold yet another deposition to ask the unanswered questions.[1]

      Plaintiffs believe that Defendant's order is contrary to the Court's clear instructions as it does not track the deposition procedures set forth in *League of United Latin Am. Citizens v. Abbott*. Legislative privilege "must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth." *Jefferson Cmty. Health Care Ctrs. Inc. v. Jefferson Par. Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (quoting *Perez v. Perry*, No. 11-CV-360, 2014 WL 106927, at *1 (W.D. Tex. Jan. 8, 2014). Pursuant to Defendant's proposed order, opposing counsel may over utilize legislative privilege objections in order to obstruct the strict construction of the privilege and evade their discovery obligations. Plaintiffs understand that the Court is not positioned to rule on what information may be the subject of legislative privilege because determining whether the privilege applies is a fact and content specific inquiry. *See League of United Latin Am. Citizens*, 2022 WL 1570858, at *1–2. However, Plaintiffs believe that the Court's guidance and the instructions set forth in *League of United Latin Am. Citizens*, serve to expedite this process as efficiently as possible. Defendant's proposed order will unnecessarily extend the discovery process. Discovery is expected to close on June 15, 2023 and these depositions have yet to be finalized. If Plaintiffs are required to conduct a first round of depositions, submit a list of unanswered questions to the Court, and then receive approval from the Court before conducting a second round of depositions to garner testimony related to previously unanswered questions, discovery will undoubtedly proceed beyond the expected discovery deadline, squander valuable resources, and inconvenience all parties and the witnesses. Therefore, Plaintiffs request that the Court adopt Plaintiffs' Proposed Order to govern upcoming depositions, attached as exhibit A.

---

[1] Defendant's Proposed Order is, in effect, an improper attempt to seek reconsideration of the Court's instructions on this issue. A proposed order on the Court's instructions is not the appropriate format to seek reconsideration. If Defendant wishes the Court to reconsider its decision, then Defendant should file the appropriate motion, not muddy an otherwise straightforward task of complying with the Court's instructions.



Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 4

<u>**BHISD's Position**</u>

Under the doctrine of legislative immunity, federal, state, and regional legislators are entitled to invoke a testimonial privilege. *See Bogan v. Scott-Harris*, 523 U.S. 44, 48–50 (1998); *see also Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir. 1981). This protection extends to any individual "performing legislative acts, regardless of the title of their positions, and regardless of whether they were elected or appointed." *Bannum, Inc. v. City of Beaumont, Tex.*, 236 F. Supp. 2d 633, 635 (E.D. Tex. 2002) (citing *Calhoun v. St. Bernard Parish*, 937 F.2d 172, 174 (5th Cir.1991)); *see also Marrero v. City of Hialeah,* 625 F.2d 499, 508 (5th Cir.1980) ("[I]t is the official function that determines the degree of immunity required, not the status of the acting officer."); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 272 (5th Cir. 2000) ("Legislative immunity protects officials fulfilling legislative functions even if they are not 'legislators.'"). This privilege stems from Article I, Section 6 of the U.S. Constitution, which states:

> The Senators and Representatives . . . shall, in all Cases, except Treason, Felony and Breach of the Peace, be privileged from Arrest during their Attendance at the Session of their respective Houses, and in going to and returning from the same . . . .

U.S. Const., Art. I, § 6. That same clause encompasses the testimonial privilege where it states, "and for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." *Id.* The United States Supreme Court has stated this testimonial privilege was "designed to aid in the effective functioning of government." *Gravel v. U.S.*, 408 U.S. 606, 617 (1972). It does this by barring plaintiffs from deposing local legislators as to certain legislative acts. *See id. at* 616 (holding that a senator could not be required to testify about legislative acts that occurred in a subcommittee meeting); *see also Cunningham v. Chapel Hill, ISD*, 438 F. Supp. 2d 718, 722 (E.D. Tex. 2006) ("The Supreme Court and several circuit courts have clearly recognized that the doctrine of legislative immunity protects legislative actors from being called to testify about their legislative activities."). The legislative privilege is rooted in the principle of separation of powers and Plaintiffs' proposed order raises Tenth Amendment concerns.

In this case, the main difference between the Parties is whether the deponent should be required to answer any questions, even after legislative privilege is invoked. Although



Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 5

the procedure laid out by the court in *League of United Latin American Citizens v. Abbott*, 2022 WL 1570858 (W.D. Tex. May 18, 2022), did require a deponent to answer any question "in full," even over objection, the District respectfully disagrees with this approach. Even though the court in *Abbott* appears to have carefully crafted a procedure to try and protect privileged testimony (including, marking any testimony as confidential, requiring an *in camera* review prior to any use of such testimony, and warning the parties that disclosure of such testimony will result in sanctions), this is insufficient. Requiring a deponent to answer a question, even after the privilege is invoked, is tantamount to forcing the deponent to waive their individual legislative privilege. It is of no consequence if the testimony is immediately deemed confidential and all people present in the room are sworn to secrecy by the threat of sanctions – the testimony is still heard. And even if the Court requires a motion to compel to be filed and an *in camera* review conducted prior to the disclosure or use of any confidential testimony, this does not prohibit opposing counsel from strategically using the information in other respects, or other people present from disclosing the testimony intentionally or by mistake.

As such, the District believes the more appropriate procedure is what is laid out in its proposed order. During the depositions of Mr. Skinner and Dr. Poole, the District's counsel will object to any question that invades legislative privilege and Mr. Skinner and Dr. Poole should decide to answer or not. Following any of the depositions, if Plaintiffs wish to compel a response to a question for which the deponent asserted privilege, they can file a list of those questions with a motion to compel. The Court can then decide on whether the specific question invades the privilege or not and grant or deny the motion to compel accordingly. This proposed procedure will ensure the privilege is protected and the Court still has sufficient information to make a ruling. Although Plaintiffs contend that the District's proposed procedure will somehow "squander valuable resources" and "inconvenience all parties and the witnesses," the District's proposal is the only proposal that appropriately honors the witnesses' legislative privilege.

*Abbott* is not binding on this Court. And there are multiple pending appeals in the Fifth Circuit and scheduling issues prohibiting that case from moving forward and reaching an ultimate resolution. More importantly, the procedure laid out by the court in *Abbott* destroys the legislative privilege by forcing a deponent to waive their privilege and provide deposition testimony. For these reasons, the District requests the Court enter its proposed order regarding the appropriate procedure for depositions that may implicate legislative privilege, attached as Exhibit B.

**Akin**

Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 6

/s/ - Roxanne Tizravesh
By permission - Amy Demmler
_____

Stephen Baldini*
Evan Frohman*
AKIN GUMP STRAUSS
HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036
Tel: (212) 872-1062
Fax: (212) 872-1002
sbaldini@akingump.com
efrohman@akingump.com

Roxanne Tizravesh
Texas Bar No. 24091141
Fed. I.D. No. 2618739
Nicholas E. Petree (attorney-in-charge)
Texas Bar No. 24083657
Fed. I.D. No. 1778181
Alyx Eva
Texas Bar No. 24116334
Fed. I.D. No. 3544812
R. Conor Tomalty
Texas Bar No. 24121170
Fed. I.D. No. 3623592
AKIN GUMP STRAUSS
HAUER & FELD LLP
1111 Louisiana Street, Ste. 44
Houston, Texas 77002
Tel: (713) 220-5800
Fax: (713) 236-0822
rtizravesh@akingump.com

/s/ - Richard A. Morris
_____

Richard A. Morris
State Bar No. 14497750
Fed. I.D. No. 2780689
Jonathan G. Brush
State Bar No. 24045576
Fed. I.D. No. 619970
Amy Demmler
State Bar No. 24092337
Fed. I.D. No. 3227731
ROGERS, MORRIS & GROVER, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
Tel: (713) 960-6000
rmorris@rmgllp.com
jbrush@rmgllp.com
ademmler@rmgllp.com

**COUNSEL FOR BARBERS HILL
INDEPENDENT SCHOOL DISTRICT**

**Akin**

Honorable Judge George C. Hanks, Jr.
May 10, 2023
Page 7

npetree@akingump.com
aeva@akingump.com
ctomalty@akingump.com

Janai S. Nelson*
Ashley Burrell*
Patricia Okonta*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
jnelson@naacpldf.org
aburrell@naacpldf.org
pokonya@naacpldf.org

Michaele N. Turnage Young*
Joseph Wong*
Victor Jones*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC
700 14th Street N.W., Ste. 600
Washington, D.C. 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
mturnageyoung@naacpldf.org
jwong@naacpldf.org
vjones@naacpldf.org

*Admitted Pro Hac Vice

**PRO BONO COUNSEL FOR
PLAINTIFFS**

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERETT DE'ANDRE ARNOLD, | § | |
| KADEN BRADFORD, and | § | |
| SANDY ARNOLD, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | C.A. NO.: 4:20-CV-01802 |
| | § | |
| BARBERS HILL INDEPENDENT | § | JURY TRIAL REQUESTED |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## **PROPOSED ORDER**

Pending before the Court is Barbers Hill Independent School District's Motion for Protection of the Board's Legislative Immunity (*see* Mot. for Prot., Dkt. No. 265) and Plaintiffs' Response in Opposition to Defendant's Motion for Protection of the Board's Legislative Immunity (*see* Pls.' Resp. to Mot. for Prot., Dkt. No. 266). Upon consideration of the Parties' briefing, the Court concludes that issues of state legislative privilege are not yet ripe for decision and outlines procedures for the depositions and assertions of legislative privilege consistent with reasoning discussed in *League of United Latin Am. Citizens v. Abbott*, No. 21-CV-259, 2022 WL 1570858, at \*1 (W.D. Tex. May 18, 2022). Therefore, it is the opinion of this Court that the Motion should be GRANTED in part and DENIED in part.

At this juncture, the Court is not positioned to rule on what information may be the subject of legislative privilege, as determining whether the privilege applies is a fact and

content specific inquiry. *See League of United Latin Am. Citizens*, 2022 WL 1570858, at *1–2. "The Court is persuaded that there are likely to be relevant areas of inquiry that fall outside of topics potentially covered by [] legislative privilege." *Id.* at *2. Moreover, the Court will be better positioned to make decisions on the application of the privilege when "presented with specific questions and specific invocations of [] legislative privilege." *Id.* at *3. Therefore, "[t]here is no reason, at this time, . . . to issue a protective order placing limits on the subject matter [of upcoming depositions]." *Id.* at *2. Accordingly, the Court adopts the following procedure, as set forth in the three-court panel in *League of United Latin Am. Citizens v. Abbott*:

(1) Parties should proceed with depositions and the deponents must appear and testify even if it appears likely that legislative privilege may be invoked in response to certain questions.

(2) Deponents may invoke legislative privilege in response to particular questions, but the deponent invoking the privilege must then answer the question in full. The response will be subject to the privilege.

(3) The portions of deposition transcripts containing questions and answers subject to the privilege shall be deemed CONFIDENTIAL as defined in Parties previously filed "Amended Protective Order" (*See* Dkt. No. 159-1).

(4) If a party wishes to use any portion of deposition testimony that is subject to legislative privilege, that party must seal those portions and submit them to the Court for in camera review, along with a motion to compel.

(5) Any such motion to compel shall be filed within 14 days of the deposition. The response will be due within 7 days after the motion is filed. Any reply will be due 7 days after the response is filed.

*See* 2022 WL 1570858 at *2–3.  Nothing in this order shall be construed as deciding any issue of legislative privilege.

Signed this _____ day of _____, 2023.


_____
JUDGE PRESIDING

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERETT DE'ANDRE ARNOLD, | § | |
| KADEN BRADFORD, and | § | |
| SANDY ARNOLD, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | C.A. NO.: 4:20-CV-01802 |
| | § | |
| BARBERS HILL INDEPENDENT | § | JURY TRIAL REQUESTED |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## **PROPOSED ORDER**

Pending before the Court is Barbers Hill Independent School District's Motion for

Protection of the Board's Legislative Immunity. Upon consideration of the Motion, it is

the opinion of this Court that the Motion should be GRANTED in part and DENIED in

part.

The Court adopts the following procedure for depositions that may implicate

legislative privilege:

(1)     Parties should proceed with depositions and the deponents must appear and
testify even if it appears likely that legislative privilege may be invoked in
response to certain questions.

(2)     Deponents may invoke legislative privilege in response to particular
questions.

(3)     If a party wishes to compel a deponent to respond to a question for which the
deponent asserts privilege, the party will file a list of unanswered questions
for the Court to review, along with a motion to compel.

(4)     Any such motion to compel shall be filed within 7 days of the deposition. The response will be due within 14 days after the motion is filed. Any reply will be due 7 days after the response is filed.

Signed this _____ day of _____, 2023.


_____
JUDGE PRESIDING

# EXHIBIT 3

United States District Court
Southern District of Texas

**ENTERED**

June 01, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERETT DE'ANDRE ARNOLD, | § | |
| KADEN BRADFORD, and | § | |
| SANDY ARNOLD, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | C.A. NO.: 4:20-CV-01802 |
| | § | |
| BARBERS HILL INDEPENDENT | § | JURY TRIAL REQUESTED |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Barbers Hill Independent School District's Motion for Protection of the Board's Legislative Immunity (*see* Mot. for Prot., Dkt. No. 265) and Plaintiffs' Response in Opposition to Defendant's Motion for Protection of the Board's Legislative Immunity (*see* Pls.' Resp. to Mot. for Prot., Dkt. No. 266). Upon consideration of the Parties' briefing, the Court concludes that issues of state legislative privilege are not yet ripe for decision and outlines procedures for the depositions and assertions of legislative privilege consistent with reasoning discussed in *League of United Latin Am. Citizens v. Abbott*, No. 21-CV-259, 2022 WL 1570858, at *1 (W.D. Tex. May 18, 2022). Therefore, it is the opinion of this Court that the Motion should be GRANTED in part and DENIED in part.

At this juncture, the Court is not positioned to rule on what information may be the subject of legislative privilege, as determining whether the privilege applies is a fact and

content specific inquiry. *See League of United Latin Am. Citizens*, 2022 WL 1570858, at *1–2. "The Court is persuaded that there are likely to be relevant areas of inquiry that fall outside of topics potentially covered by [] legislative privilege." *Id.* at *2. Moreover, the Court will be better positioned to make decisions on the application of the privilege when "presented with specific questions and specific invocations of [] legislative privilege." *Id.* at *3. Therefore, "[t]here is no reason, at this time, . . . to issue a protective order placing limits on the subject matter [of upcoming depositions]." *Id.* at *2. Accordingly, the Court adopts the following procedure, as set forth in the three-court panel in *League of United Latin Am. Citizens v. Abbott*:

(1) Parties should proceed with depositions and the deponents must appear and testify even if it appears likely that legislative privilege may be invoked in response to certain questions.

(2) Deponents may invoke legislative privilege in response to particular questions, but the deponent invoking the privilege must then answer the question in full. The response will be subject to the privilege.

(3) The portions of deposition transcripts containing questions and answers subject to the privilege shall be deemed CONFIDENTIAL as defined in Parties previously filed "Amended Protective Order" (*See* Dkt. No. 159-1).

(4) If a party wishes to use any portion of deposition testimony that is subject to legislative privilege, that party must seal those portions and submit them to the Court for in camera review, along with a motion to compel.

(5) Any such motion to compel shall be filed within 14 days of the deposition. The response will be due within 7 days after the motion is filed. Any reply will be due 7 days after the response is filed.

*See* 2022 WL 1570858 at *2–3.  Nothing in this order shall be construed as deciding any issue of legislative privilege.

Signed this  1st  day of _____June_____, 2023.

_____
JUDGE PRESIDING

# EXHIBIT 4

**Amy Demmler**

| | |
|---|---|
| **From:** | Petree, Nicholas <npetree@akingump.com> |
| **Sent:** | Thursday, June 1, 2023 8:45 PM |
| **To:** | Jonathan Brush; Amy Demmler |
| **Cc:** | TEAM ARNOLD BRADFORD – AG; Team Arnold Bradford |
| **Subject:** | Arnold v. BHISD |

Jonathan and Amy,

Thanks for the call earlier and sorry I had to cut it short.  We agree to reschedule next week's depositions.  We'll get back to you to discuss the overall schedule, but wanted to let you know about that immediate item for now.

If you are planning to file a motion for stay or other relief on deadlines, can you share with us beforehand so we can discuss?

Thanks,

**Nicholas E. Petree**
**Akin**

1111 Louisiana Street | 44th Floor | Houston, TX 77002-5200 | USA | Direct: +1 713.250.2177 | Internal: 12177
npetree@akingump.com | akingump.com | Bio

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERETT DE'ANDRE ARNOLD,<br>KADEN BRADFORD, and<br>SANDY ARNOLD, | §<br>§<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| vs. | §<br>§ | C.A. NO.: 4:20-CV-01802 |
| BARBERS HILL INDEPENDENT<br>SCHOOL DISTRICT, | §<br>§<br>§ | JURY TRIAL REQUESTED |
| Defendant. | §<br>§ | |

## JOINT MOTION TO VACATE REMAINING DEADLINES

Plaintiffs Everett De'Andre Arnold, Kaden Bradford, and Sandy Arnold and
Defendant Barbers Hill Independent School District (the District) (collectively, the Parties)
file this Joint Motion to Vacate Remaining Deadlines as follows:

1.     On March 31, 2023, the Court entered an Agreed Second Amended Docket
Control Order. *See* Dkt. 264. The following deadlines are currently remaining:

| | |
|---|---|
| June 15, 2023 | Dispositive Motions |
| June 16, 2023 | Completion of Discovery |
| June 21, 2023 | Expert Challenges Deadline |
| July 28, 2023 | Motions in Limine |
| July 31, 2023 | Exchange of Exhibit and Witness Lists |
| August 4, 2023 | Exhibit and Witness List Objections |
| August 10, 2023 | Joint Pretrial Order |

August 11, 2023          Docket Call

September/October 2023    Jury Trial

2.      On June 1, 2023, the Court entered an Order granting in part and denying in part the District's Motion for Protection of the Board's Legislative Immunity. *See* Dkt. 282.

3.      On June 1, 2023, Barbers Hill Independent School District, Fred Skinner, Dr. Greg Poole, and the District's Board of Trustees filed a Notice of Interlocutory Appeal appealing the Court's Order in Dkt. 282. *See* Dkt. 285. This appeal divests the Court of jurisdiction over the issues addressed in its Order, but does not stay the case in its entirety. *Id*.

4.      After the District filed its notice of interlocutory appeal, the Parties agreed to reschedule the remaining depositions of Dr. Greg Poole, Fred Skinner, and the District's 30(b)(6) representative.

5.      Because the completion of the aforementioned discovery will be delayed pending the resolution of the legislative privilege issue on interlocutory appeal, the Parties have conferred and request the Court to vacate the remaining deadlines until after the legislative privilege issue is adjudicated to conclusion.

6.      The Parties have agreed that pending discovery matters not impacted by the resolution of the legislative privilege issue – including, but not limited to, Plaintiffs' pending requests for admission, 30(b)(6) topics disputes, depositions by written questions to the United States Department of Justice, the deposition of Sara Leon, and pre-motion letters or motion practice concerning discovery matters – should still proceed.

2

7. Further, Plaintiffs agree to withdraw their previous request to extend the motions deadlines (Dkt. 277), contingent on the Court granting this motion to vacate.

**Prayer**

The Parties respectfully request that the Court grant this Joint Motion to Vacate Remaining Deadlines until the Fifth Circuit Court of Appeals has issued a ruling on BHISD's Interlocutory Appeal.

Respectfully submitted,

/s/ - Patricia Okonta
By permission – Amy Demmler

_____

Stephen Baldini\*
Evan Frohman\*
AKIN GUMP STRAUSS
HAUER & FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036
Tel: (212) 872-1062
Fax: (212) 872-1002
sbaldini@akingump.com
efrohman@akingump.com

Roxanne Tizravesh
Texas Bar No. 24091141
Fed. I.D. No. 2618739
Nicholas E. Petree (attorney-in-charge)
Texas Bar No. 24083657
Fed. I.D. No. 1778181
R. Conor Tomalty
Texas Bar No. 24121170
Fed. I.D. No. 3623592
Nikunj Soni
Texas Bar No. 24131677

_____

RICHARD A. MORRIS
Attorney-in-Charge
State Bar No. 14497750
Fed. I.D. 2780689
rmorris@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
ROGERS, MORRIS, & GROVER, L.L.P
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone: 713/960-6000
Facsimile: 713/960-6025

ATTORNEYS FOR BARBERS HILL
INDEPENDENT SCHOOL DISTRICT

3

Fed. I.D. No. 3816338
AKIN GUMP STRAUSS
HAUER & FELD LLP
1111 Louisiana Street, Ste. 44
Houston, Texas 77002
Tel: (713) 220-5800
Fax: (713) 236-0822
rtizravesh@akingump.com
npetree@akingump.com
ctomalty@akingump.com
nsoni@akingump.com

Janai S. Nelson*
Ashley Burrell*
Patricia Okonta*
Alexandra S. Thompson*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
jnelson@naacpldf.org
aburrell@naacpldf.org
pokonta@naacpldf.org
athompson@naacpldf.org

Michaele N. Turnage Young*
Victor Jones*
Joseph Wong*
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC
700 14th Street N.W., Ste. 600
Washington, D.C. 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
mturnageyoung@naacpldf.org
vjones@naacpldf.org
jwong@naacpldf.org

*Admitted *Pro Hac Vice*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 7, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

_____

Attorney for Barbers Hill Independent
School District

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EVERETT DE'ANDRE ARNOLD, | § | |
| KADEN BRADFORD, and | § | |
| SANDY ARNOLD, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | C.A. NO.: 4:20-CV-01802 |
| | § | |
| BARBERS HILL INDEPENDENT | § | JURY TRIAL REQUESTED |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## **PROPOSED ORDER**

Pending before the Court is the Parties' Joint Motion to Vacate Remaining Deadlines. Upon consideration of the Joint Motion, it is the opinion of this Court that the Motion should be GRANTED and the remaining deadlines listed in the Agreed Second Amended Docket Control Order (Dkt. 264) be vacated.

Signed this _____ day of _____, 2023.

_____
JUDGE PRESIDING

# EXHIBIT 6

## Amy Demmler

| | |
|---|---|
| **From:** | Amy Demmler |
| **Sent:** | Thursday, June 8, 2023 2:24 PM |
| **To:** | Rick Morris; Byron Thomas |
| **Cc:** | Patricia Okonta; Jonathan Brush; Team Arnold Bradford; TEAM ARNOLD BRADFORD – AG |
| **Subject:** | RE: Courtesy Update on Outstanding Matters, Arnold et al v. Barbers Hill Independent School District et al., (4:20-cv-1802) |
| **Attachments:** | Dkt. 288 - Joint Motion to Vacate [264].pdf; Dkt. 288-1 - Proposed Order.pdf |

Good afternoon, Mr. Thomas –

We write to inform the Court of the Parties' Joint Motion to Vacate Remaining Deadlines that was filed yesterday. *See* Dkt. No. 288. For ease, the Motion is attached to this email. Because the completion of discovery and key depositions will be delayed pending the resolution of the legislative privilege issue on interlocutory appeal, the Parties conferred and are requesting the Court vacate the remaining DCO deadlines until after the legislative privilege issue is adjudicated to conclusion. The Parties have agreed that pending discovery matters not impacted by the resolution of the legislative privilege issue can and should still proceed.

Currently, the dispositive motion deadline is set for next Thursday (June 15, 2023) and the discovery deadline for next Friday (June 16, 2023). *See* Dkt. No. 264.

Please let us know if the Court requires anything further from the Parties.

Plaintiffs' counsel is copied on this email.

Thanks,

AMY DEMMLER
Rogers, Morris & Grover, L.L.P.
Direct:  713-960-6002
Facsimile:  713-960-6025

The information contained in this transmission and any attachments hereto is privileged and/or confidential information intended solely for the use of the individual(s) named above.  If the reader of this message is not an intended recipient, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Rick Morris <rmorris@rmgllp.com>
**Sent:** Wednesday, May 31, 2023 2:27 PM
**To:** Byron Thomas <Byron_Thomas@txs.uscourts.gov>
**Cc:** Patricia Okonta <POkonta@naacpldf.org>; Amy Demmler <ademmler@rmgllp.com>; Jonathan Brush <jbrush@rmgllp.com>; Team Arnold Bradford <teamarnoldbradford@naacpldf.org>; TEAM ARNOLD BRADFORD – AG <TEAMARNOLDBRADFORD-AG@akingump.com>
**Subject:** Re: Courtesy Update on Outstanding Matters, Arnold et al v. Barbers Hill Independent School District et al., (4:20-cv-1802)

Mr. Thomas,

I am writing to separately share that I as lead counsel in this matter will be presenting Trustee Skinner and Dr. Poole (both in his individual capacity and the Rule 30(b)(6) representative) at their respective depositions. I currently reside in

North Carolina and will be traveling for these depositions. My flight to Houston is scheduled for 8:00 am EST this Friday. I have previously traveled for these same depositions which were previously scheduled in early May. The depositions did not go forward because of unresolved issues regarding the scope of 30(b)(6) topics and defendant's assertion of legislative privilege. I am hoping not to make the trip a second time only to learn that the depositions once again cannot go forward because the court requires additional time to consider the unresolved issues described in opposing counsel's email.

Relatedly, Dr. Poole as the Rule 30(b)(6) deponent requires adequate time to conduct any investigation necessary to satisfy the court's ruling with respect to the Rule 30(b)(6) topics which remain the subject of disagreement between the parties. If the court agrees with plaintiffs' requested scope, given the intervening weekend, Dr. Poole will not have adequate time to conduct his investigation before his currently scheduled deposition as the Rule 30(b)(6) which is currently scheduled for January 9.

One final point of clarification, opposing counsel characterizes my May 22 correspondence to Judge Hanks as a *"request to supplement"* our briefing. The correspondence was not filed as a request but in fulfillment of our obligation to apprise the court of new controlling authority. I understand this to be our ethical duty and do not understand that we are required to request leave of court to make the court aware of new relevant and controlling authority. If my understanding is mistaken and defendant is required to seek leave of court please let me know and we will respond accordingly.

Thank you for your consideration of these matters.

Rick Morris


RICHARD MORRIS
PARTNER
Rogers, Morris & Grover, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
Main:   713-960-6000
Direct:  713-960-6019
Facsimile:  713-960-6025
Website:  www.rmgllp.com



The information contained in this transmission and any attachments hereto is privileged and/or confidential information intended solely for the use of the individual(s) named above.  If the reader of this message is not an intended recipient, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

On May 31, 2023, at 1:20 PM, Patricia Okonta <POkonta@naacpldf.org> wrote:

Good Afternoon Mr. Thomas,

We hope you are well and enjoyed your Memorial Day weekend. Plaintiffs' counsel writes to highlight several pending matters in *Arnold et al v. Barbers Hill Independent School District et al.,* (4:20-cv-1802), that require the Court's attention given impending schedules and deadlines.

First, the parties await an order from the Court on the procedures to govern potential legislative privilege issues in Plaintiffs' upcoming depositions of BHISD Board Member Fred Skinner, Superintendent Dr. Greg Poole, and the 30(b)(6) witness. The depositions are scheduled to occur on Monday, June 5th, Thursday, June 8th, and Friday, June 9th. On, May 26, 2023, Plaintiffs filed a response to Barbers Hill Independent School District's ("BHISD") request to supplement its briefing cited in the Parties' Joint Letter Regarding Procedures for Upcoming Depositions and Legislative Privilege, Dkt. Entry No. 272. We have attached a courtesy copy of Defendant's request to supplement and Plaintiffs' response to this email.

Second, the parties have reached an impasse regarding revisions to 30(b)(6) topics 24, 29, and 30 and made a joint request for the Court to resolve this dispute. The 30(b)(6) deposition is scheduled to occur on Friday, June 9, 2023. We have attached a courtesy copy of the parties' joint letter to this email.

Lastly, the parties also filed a joint request for the Court to resolve a dispute regarding an amendment to the docket control order. We have also attached a courtesy copy of the joint request to this email.

Any updates on these matters or timeline for a resolution would be greatly appreciated. We thank you for your time, and please let me know if there is anything we can provide clarity on.

**Defendant's counsel is CC'ed on this email.**


Best,

Patricia Okonta

**Patricia N. Okonta**
Assistant Counsel
<image001.png>

40 Rector Street, 5th Floor, New York, NY 10006
c: 347.931.3760 | pokonta@naacpldf.org
naacpldf.org

<274 2023-05-22 SUPPLEMENT to [272] Statement by Barbers Hill Independent Sc.pdf><280 2023-05-26 STATEMENT in response re- [274] Supplement by Everett DeAndr.pdf><281 2023-05-31 STATEMENT Joint Request for a pre-motion conference (30(b)(6.pdf><277 2023-05-25 STATEMENT Joint Request for pre-motion conference by Everett.pdf>

# EXHIBIT 7

**Amy Demmler**

| | |
|---|---|
| **From:** | Amy Demmler |
| **Sent:** | Tuesday, June 13, 2023 5:11 PM |
| **To:** | Jennifer Cronkhite; 'Byron Thomas' |
| **Cc:** | 'TEAMARNOLDBRADFORD-AG@akingump.com'; 'teamarnoldbradford@naacpldf.org'; Rick Morris; Jonathan Brush |
| **Subject:** | RE: 4:20-CV-1802; Arnold, et al. v. Barbers Hill ISD - Emergency Joint Motion for Status Conference (Dkt. 292) |

Mr. Thomas –

The District writes the Court to follow-up on the pending Joint Motion to Vacate Remaining Deadlines (Dkt. No. 288) and pending Emergency Joint Motion for Status Conference regarding same (Dkt. No. 292). Based on the current docket control order, dispositive motions are due this Thursday, June 15, 2023; close of discovery is this Friday, June 16, 2023; and Daubert/Kumho motions are due next Wednesday, June 21, 2023. Dkt. No. 264.

We understand that the press of the court's other matters has prevented it from considering the parties joint motion. And we are mindful of all court orders. But given that the parties are unable to complete the aforementioned tasks until after the court of appeals resolves the legislative immunity question (currently the subject of interlocutory appeal (Dkt. Nos. 285-286)), the parties are unable to complete discovery by the discovery deadline and the District is not intending to file dispositive or pretrial motions until after the completion of discovery. We share this information so that the court is aware of the parties inability to comply with the current deadlines and will await the court's ruling on the parties joint motion.

Plaintiffs' counsel is copied on this email.

Thanks,

AMY DEMMLER
Rogers, Morris & Grover, L.L.P.
Direct: 713-960-6002
Facsimile: 713-960-6025

The information contained in this transmission and any attachments hereto is privileged and/or confidential information intended solely for the use of the individual(s) named above. If the reader of this message is not an intended recipient, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Jennifer Cronkhite <jcronkhite@rmgllp.com>
**Sent:** Monday, June 12, 2023 7:23 PM
**To:** 'Byron Thomas' <Byron_Thomas@txs.uscourts.gov>
**Cc:** 'TEAMARNOLDBRADFORD-AG@akingump.com' <TEAMARNOLDBRADFORD-AG@akingump.com>; 'teamarnoldbradford@naacpldf.org' <teamarnoldbradford@naacpldf.org>; Rick Morris <rmorris@rmgllp.com>; Jonathan Brush <jbrush@rmgllp.com>; Amy Demmler <ademmler@rmgllp.com>
**Subject:** 4:20-CV-1802; Arnold, et al. v. Barbers Hill ISD - Emergency Joint Motion for Status Conference (Dkt. 292)

Mr. Thomas –

Attached please find a courtesy copy of the parties' Emergency Joint Motion for Status Conference.

Plaintiffs' counsel is copied on this email.

Thanks,

JENNIFER CRONKHITE
ADMINISTRATIVE COORDINATOR
Rogers, Morris & Grover, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
Main:   713-960-6000
Direct: 713-960-6012
Facsimile:  713-960-6025
Website:  www.rmgllp.com

The information contained in this transmission and any attachment hereto is privileged and/or confidential information intended solely for the use of the individual(s) named above.  If the reader of this message is not an intended recipient, the reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT 8

# HEARING MINUTES

Cause No:        4:20-CV-1802

Style:           Arnold et al v. Barbers Hill Independent School District et al

Hearing Type:    Status conference and motion hearing

**Appearances:**

| **Counsel** | **Representing** |
|---|---|
| Roxanne Tizravesh | Plaintiffs |
| Joseph Wong | Plaintiffs |
| Patricia Okonta | Plaintiffs |
| Nikunj Soni | Plaintiffs |
| R. Conor Tomalty | Plaintiffs |
| Evan Frohman | Plaintiffs |
| Victor M. Jones | Plaintiffs |
| Ashley Michelle Burrell | Plaintiffs |
| Michaele N. Turnage Young | Plaintiffs |
| Amy Dawn Demmler | Defendants |
| Jonathan Griffin Brush | Defendants |
| Sara Leon | Defendants |

Date:  June 14, 2023                    Court reporter:  ERO
Time: 3:32 p.m.—3:58 p.m.              Law Clerk:  L. McKinney

At the hearing, the following rulings were made as stated on the record:

The Court held a status conference and a motion hearing.

The parties' joint motion for a status conference [Dkt. 292] is **GRANTED**.

The parties' joint motion to vacate the docket control order [Dkt. 288] is **GRANTED IN PART AND DENIED IN PART**. Trial in this case is set for **September 11, 2023**. The parties agreed on the record to vacate the current deadlines for dispositive motions (June 15, 2023), discovery (June 16, 2023), and expert challenges (June 21, 2023). The parties will file a joint proposed docket control order **on or before June 16, 2023**. The parties will keep the current docket call (August 11, 2023) and trial setting (September 11, 2023) but may extend the other dates in the current governing docket control order [Dkt. 264] by agreement.

The Court denied Defendant Barbers Hill ISD's oral request for a stay of the depositions in which Barbers Hill intends to invoke legislative privilege.

The Court will enter its order regarding docket entry 281.