CASE NO. 23-20256

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**Everett De'Andre Arnold; Kaden Bradford; Sandy Arnold,**

*Plaintiffs - Appellees*

v.

**Barbers Hill Independent School District; Barbers Hill Independent School District's Board of Trustees; Fred Skinner; Greg Poole,**

*Defendants - Appellants*

On Appeal from the United States District Court,
for the Southern District of Texas, Houston Division, No. 4:20-cv-1802

APPELLANTS' BRIEF

**RICHARD A. MORRIS**
**State Bar No. 14497750**
**rmorris@rmgllp.com**
**JONATHAN GRIFFIN BRUSH**
**State Bar No. 24045576**
**jbrush@rmgllp.com**
**AMY DEMMLER**
**State Bar No. 24092337**
**ademmler@rmgllp.com**

Rogers, Morris & Grover, L.L.P.
5718 Westheimer Rd., Suite 1200
Houston, Texas 77057
Telephone: 713/960-6000
Facsimile: 713/960-6025

**Attorneys for Defendants-Appellants Barbers Hill Independent School District, Barbers Hill Independent School District's Board of Trustees, Fred Skinner and Greg Poole**

## **CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| **Defendants-Appellants** | **Counsel for Defendants-Appellants** |
|---|---|
| **Barbers Hill Independent School District** | Richard A. Morris |
| | Jonathan Griffin Brush |
| **Barbers Hill Independent School District's Board of Trustees** | Amy Demmler |
| | Rogers, Morris & Grover, L.L.P. |
| **Fred Skinner** | 5718 Westheimer Rd., Suite 1200 |
| **Greg Poole** | Houston, Texas 77057 |
| | Telephone: (713) 960-6000 |
| | Facsimile: (713) 960-6025 |

**APPELLATE COUNSEL:**

| **Plaintiffs-Appellees** | **Counsel for Plaintiffs-Appellees** |
|---|---|
| **Everett De'Andre Arnold** | Roxanne Tizravesh |
| **Kaden Bradford** | Nicholas E. Petree |
| **Sandy Arnold** | Robert Conor Tomalty |
| | Nikunj P. Soni |
| | AKIN GUMP STRAUSS HAUER & FELD LLP |
| | 1111 Louisiana Street, Ste. 44 |
| | Houston, Texas 77002 |
| | Telephone: (713) 220-5800 |

Evan Frohman
AKIN GUMP STRAUSS HAUER &
FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036
Telephone: (212) 872-1062

Michaele N. Turnage Young
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street N.W., Ste. 600
Washington, D.C. 20005
Telephone: (202) 682-1300

Janai S. Nelson
Ashley Michelle Burrell
Alexandra S. Thompson
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200

## TRIAL COURT COUNSEL:

### Plaintiffs-Appellees

**Everett De'Andre Arnold**
**Kaden Bradford**
**Sandy Arnold**

### Counsel for Plaintiffs-Appellees

Stephen Baldini
AKIN GUMP STRAUSS HAUER &
FELD LLP
One Bryant Park
Bank of America Tower
New York, NY 10036
Telephone: (212) 872-1062

Samantha Block
AKIN GUMP STRAUSS
HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
Telephone: (202) 887-4000

Patricia Okonta
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
Telephone: (212) 965-2200

Victor Jones
Joseph Wong
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street N.W., Ste. 600
Washington, D.C. 20005
Telephone: (202) 682-1300

/s/ Jonathan Griffin Brush

_____

Jonathan Griffin Brush
*Attorney for Defendants-Appellants*

## STATEMENT REGARDING ORAL ARGUMENT

This Court should hear oral argument. This case involves the correct application of the legislative privilege to deposition testimony in a civil rights case. The district court entered an order requiring the appellants to testify in the presence of opposing counsel about matters the appellants contend are exempt from discovery because they are subject to the legislative privilege, effectively vitiating the testimonial privilege. Because the district court's order is contrary to the purpose underlying legislative privilege and this Court's recent precedent, the district court abused its discretion. This Court has recently grappled with the application of legislative privilege in two cases involving document discovery, one of which will be heard by the en banc Court in the near future. *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228 (5th Cir. 2023); *Jackson Mun. Airport Auth. v. Harkins*, 67 F.4th 678 (5th Cir. 2023), *withdrawn and superseded by* 2023 WL 5522213 (5th Cir. Aug. 25, 2023), *vacated by* 2023 WL 5542823 (5th Cir. Aug. 29, 2023) (granting en banc rehearing). This Court has not yet addressed the application of legislative privilege to deposition testimony, but its sister circuits have. Given the importance of the legislative privilege, this Court's recent case law, and the open question regarding the scope of legislative privilege as it applies to deposition testimony, appellants believe oral argument would significantly aid the Court's decisional process.

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS ........................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ................................................ v

TABLE OF CONTENTS .......................................................................................... vi

TABLE OF AUTHORITIES .................................................................................. viii

STATEMENT OF JURISDICTION ......................................................................... 1

STATEMENT OF THE ISSUES .............................................................................. 1

STATEMENT OF THE CASE .................................................................................. 1

SUMMARY OF THE ARGUMENT ........................................................................ 6

ARGUMENT AND AUTHORITIES ........................................................................ 7

    A.    Standard of Review ................................................................................ 7

    B.    Legislative Privilege .............................................................................. 7

    C.    The district court abused its discretion when it adopted a procedure
        that would force appellants to disclose information shielded by
        legislative privilege ............................................................................. 11

    D.    The district court abused its discretion when it denied, in part, the
        District's motion for protective order and declined to limit the scope
        of deposition testimony ....................................................................... 15

    E.    Appellees cannot establish in this appeal that legislative immunity
        does not apply ...................................................................................... 17

        1.    The very limited "extraordinary instances" exception to the
            applicability of legislative immunity does not apply as a matter
            of law ......................................................................................... 18

2.    Appellants have not waived their legislative privilege ............20

F.    The district court abused its discretion by issuing an order to
enforce the deposition procedure after this interlocutory appeal
was perfected.......................................................................................21

G.    This Court should clarify that the filing of an interlocutory
appeal automatically stays all district court proceedings related
to the appeal.........................................................................................22

CONCLUSION AND PRAYER ............................................................................23

CERTIFICATE OF SERVICE ..............................................................................25

CERTIFICATE OF COMPLIANCE......................................................................26

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*American Trucking Associations, Inc. v. Alviti*,
    14 F.4th 76 (1st Cir. 2021) ........................................................... 18

*Arnold v. Barbers Hill Indep. Sch. Dist.*,
    479 F. Supp. 3d 511 (S.D. Tex. 2020)........................................... 2

*Austin Lifecare, Inc. v. City of Austin*,
    2012 WL 12850268 (W.D. Tex. Mar. 20, 2012)......................... 20

*Bannum, Inc. v. City of Beaumont, Tex.*,
    236 F. Supp. 2d 633 (E.D. Tex. 2002) ...................................... 8, 9

*Bogan v. Scott-Harris*,
    523 U.S. 44 (1998).................................................................... 7, 10

*Bryan v. City of Madison, Miss.*,
    213 F.3d 267 (5th Cir. 2000) ........................................................ 9

*Calhoun v. St. Bernard Parish*,
    937 F.2d 172 (5th Cir.1991) ......................................................... 9

*Collin Cty. v. Siemens Bus. Servs., Inc.*,
    560 F. Supp. 2d 525 (E.D. Tex. 2006) ....................................... 22

*Cunningham v. Chapel Hill, ISD*,
    438 F. Supp. 2d 718 (E.D. Tex. 2006) .................................... 8, 10

*Gravel v. U.S.*,
    408 U.S. 606 (1972)................................................................. 8, 16

*Griggs v. Provident Consumer Discount Co.*,
    459 U.S. 56 (1982)...................................................................... 21

*Guillen v. LULUC*,
    142 S. Ct. 2773 (2022)................................................................ 13

*Harding v. Cnty. of Dallas, Tex.*,
   2016 WL 7426127 (N.D. Tex. Dec. 23, 2016) ............................................ 10

*Hernandez v. City of Lafayette*,
   643 F.2d 1188 (5th Cir. 1981) .................................................................. 7, 8

*INS v. Chadha*,
   462 U.S. 919 (1983) ..................................................................................... 9

*Jackson Mun. Airport Auth. v. Harkins*,
   67 F.4th 678 (5th Cir. 2023), *withdrawn and superseded by* 2023 WL
   5522213 (5th Cir. Aug. 25, 2023), *vacated by* 2023 WL 5542823
   (5th Cir. Aug. 29, 2023) .............................................................................. v

*Jarkesy v. Sec. & Exch. Comm'n*,
   34 F.4th 446 (5th Cir. 2022) ........................................................................ 9

*Judd v. Furgeson*,
   239 F. Supp. 2d 442 (D.N.J. 2002) .............................................................. 22

*Karr v. Schmidt*,
   460 F.2d 609 (5th Cir. 1972) ...................................................................... 19

*La Union Del Pueblo Entero v. Abbott*,
   68 F.4th 228 (5th Cir. 2023) ................................................................. Passim

*League of United Latin Am. Citizens Abbott v. United States*,
   2022 WL 2713263 (5th Cir. May 20, 2022) ................................................ 19

*Lee v. City of Los Angeles*,
   908 F.3d 1175 (9th Cir. 2018) ............................................................... Passim

*LULAC v. Abbott*,
   2022 WL 2713263 (5th Cir. May 20, 2022) .......................................... 13, 22

*Marceaux v. Lafayette City-Par. Consol. Gov't*,
   731 F.3d 488 (5th Cir. 2013) ....................................................................... 7

*Marrero v. City of Hialeah*,
   625 F.2d 499 (5th Cir.1980) ......................................................................... 9

*Oscar Renda Contracting, Inc. v. City of Lubbock, Tex.*,
    2007 WL 9718491 (N.D. Tex. Sept. 17, 2007) ........................................ 9, 10

*United States v. Green*,
    882 F.2d 999 (5th Cir. 1989) ........................................................ 21

*United States v. Lucero*,
    755 F. App'x 384 (5th Cir. 2018) ................................................ 22

*United States v. O'Brien*,
    391 U.S. 367 (1968) ...................................................................... 19

*United States v. Willis*,
    --- F.4th ---, 2023 WL 5013686 (5th Cir. Aug. 7, 2023) ................. 21, 22, 23

*Veasey v. Abbott*,
    830 F.3d 216 (5th Cir. 2016) .................................................... 18, 19

*Village of Arlington Heights v. Metro. Hous. Dev. Corp.*,
    429 U.S. 252 (1977) .................................................................. 16, 18

STATE CASES

*In re Perry*,
    60 S.W.3d 857 (Tex. 2001) .......................................................... 20

FEDERAL STATUTES, CONSTITUTION, AND RULES

U.S. Const., Art. I, § 6 ...................................................................... 8

Fed. R. Civ. P. 26(c)(1)(D) .................................................................. 11

OTHER AUTHORITIES

16A WRIGHT & MILLER § 3949.1 ................................................. 21, 22

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 and the collateral order doctrine. Because a district court decision that requires the disclosure of information shielded by legislative privilege conclusively determines the issue, it is a final order for purposes of appellate jurisdiction. *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 232-35 (5th Cir. 2023).

## STATEMENT OF THE ISSUES

- The district court abused its discretion when it issued an order requiring appellants to testify and reveal information protected by legislative privilege.

- The district court abused its discretion when it denied the request in appellants' motion for protection to bar appellees from asking deposition questions calculated to invade the legislative privilege.

- The district court abused its discretion when it issued an order seeking to enforce its ruling on the motion for protection after appellants took this interlocutory appeal, which divested the district court of jurisdiction over the question of legislative privilege.

## STATEMENT OF THE CASE

Appellees filed this case in 2020, challenging Barbers Hill Independent School District's (the District) grooming policy that restricts the length at which male students may wear their hair. ROA.51-114; ROA.3105-3225. Appellees also

1

sued numerous District employees and Board members in their individual capacities. ROA.51-114. Specifically, Kaden Bradford and De'Andre Arnold, both of whom are Black and former students of the District, allege that the District's policy discriminated against them on the basis of their race and gender in violation of the Fourteenth Amendment's Equal Protection clause. ROA.3105-3225. Bradford and Arnold, joined by Arnold's mother, also assert claims under the First Amendment, Title IX, Title VI, the Fourteenth Amendment's due process clause, and state law. ROA.3105-3225. The district court held a temporary injunction hearing and entered an order barring the District from enforcing its grooming policy against Bradford (Arnold was no longer enrolled at the District and had graduated from a neighboring school district). *See Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F. Supp. 3d 511 (S.D. Tex. 2020).

The District filed an interlocutory appeal of the temporary injunction, but dismissed the appeal when the individual defendants were dismissed from the case. ROA.2915-16; ROA.3095-97.

The District moved to dismiss the majority of appellees' claims, and the district court denied the motion without analysis. ROA.3241-68; ROA.4058. The parties conducted substantial discovery. Neither party has moved for summary judgment at this time.

During the course of discovery, a dispute arose as to the scope of the appellees' ability to depose the District's Superintendent, Dr. Greg Poole, and the President of its Board of Trustees, Fred Skinner. ROA.4186-4198; RE at Tab 4. Specifically, while the District agreed that both could be deposed, the District, Dr. Poole, and Mr. Skinner maintain that they are entitled to assert legislative privilege in response to some of appellees' anticipated inquiries about the enactment of grooming policy. ROA.4188. The District filed a motion for protection seeking to limit the scope of the testimony that may be elicited at deposition on the basis of legislative privilege. ROA.4186-4198; RE at Tab 4. Specifically, the motion sought to prevent questioning about:

- The subjective intent, thought process, support or non-support, and rationale of any current or former Board members regarding the adoption of the current or past versions of the District's dress and grooming code;

- The subjective intent, thought process, support or non-support, and rationale of any current or former Board members for changing or revising the District's dress and grooming code;

- The motives of any current or former Board members for adopting the District's current or past dress and grooming codes;

- The subjective intent, thought process, support or non-support, and rationale of any current or former Board members regarding the adoption of past or current Board policies;

- Details pertaining to why Mr. Skinner or any former or current Board members voted to adopt or maintain a dress and grooming code for the District; and

- Any other information that would invade the Board's legislative immunity.

ROA.4187.

The district court took accelerated briefing on the issue and then entered an order granting the motion, in part, and denying the motion, in part. ROA.4446-48; RE at Tab 3. Instead of restricting the scope of questioning, the district court entered an order that established a procedure for the depositions. ROA.4447; RE at Tab 3. In relevant part, the district court's order provided that:

(1)     Parties should proceed with depositions and the deponents must appear and testify even if it appears likely that legislative privilege may be invoked in response to certain questions.

(2)     Deponents may invoke legislative privilege in response to particular questions, but the deponent invoking the privilege must then answer the question in full. The response will be subject to the privilege.

(3)     The portions of deposition transcripts containing questions and answers subject to the privilege shall be deemed CONFIDENTIAL as defined in Parties previously filed "Amended Protective Order" (*See* Dkt. No. 159-1).

(4)     If a party wishes to use any portion of deposition testimony that is subject to legislative privilege, that party must seal those portions and submit them to the Court for in camera review, along with a motion to compel.

(5)     Any such motion to compel shall be filed within 14 days of the deposition. The response will be due within 7 days after the motion is filed. Any reply will be due 7 days after the response is filed.

ROA.4447; RE at Tab 3.

Upon the district court's issuance of its order, the District, Dr. Poole, and Mr. Skinner filed a notice of interlocutory appeal under the collateral order doctrine. ROA.4454-56; RE at Tab 2. The parties agreed to postpone the depositions until after this Court ruled on the appeal. *See* Motion to Stay (on file in this Court). At a status conference, the district court denied the District's motion to stay proceedings. ROA.4480-81. The district court further advised that it intended to keep the September 2023, trial setting in place regardless of the pendency of this appeal. ROA.4481. In light of the pendency of this appeal, the District declined to present Dr. Poole and Mr. Skinner for deposition. *See* Motion to Stay (on file in this Court). The District filed a motion to stay proceedings in this Court which the appellees opposed. *See* Motion to Stay (on file in this Court). Appellees then sought an order from the district court compelling the depositions of Dr. Poole and Mr. Skinner. ROA.4493-97. The district court entered an order compelling Dr. Poole and Mr. Skinner to appear for deposition and authorizing appellees to seek sanctions. ROA.4500; RE at Tab 5. Appellants filed an emergency supplement to its motion to stay in this Court and requested a temporary administrative stay. *See* Motion to Stay (on file in this Court).

This Court entered a temporary administrative stay of proceedings and, subsequently, entered an order carrying appellants' motion to stay with the case. ROA.4502. As a result, all proceedings in the district court were stayed. ROA.4502.

## **SUMMARY OF THE ARGUMENT**

The doctrine of legislative privilege protects legislative actors from being called to testify about legislative activities that are not known to the public. And the law is clear that legislative privilege extends to school board members. Consequently, Mr. Skinner, Dr. Poole, and any other District witness having non-public knowledge about the Board's legislative activities, have the right to invoke the testimonial privilege in response to questions that could elicit testimony on the following topics:

- The subjective intent, thought process, support or non-support, and rationale of any current or former Board members regarding the adoption of the current or past versions of the District's dress and grooming code;

- The subjective intent, thought process, support or non-support, and rationale of any current or former Board members for changing or revising the District's dress and grooming code;

- The motives of any current or former Board members for adopting the District's current or past dress and grooming codes;

- The subjective intent, thought process, support or non-support, and rationale of any current or former Board members regarding the adoption of past or current Board policies;

- Details pertaining to why Mr. Skinner or any former or current Board members voted to adopt or maintain a dress and grooming code for the District; and

- Any other information that would invade the Board's legislative immunity.

Appellees sought to ask deposition questions that invade a privilege designed to protect the discussions necessary to the legislative process. The District moved for protection. In ruling on the District's Motion for Protection, the district court entered an order that required the witnesses to sit for deposition, invoke the privilege, and then answer deposition questions despite the invocation of the privilege. In other words, by its very terms, the district court's order required the disclosure of privileged information. By ordering disclosure of privileged information, the district court abused its discretion. This Court should correct the district court's clear abuse of discretion.

## ARGUMENT AND AUTHORITIES

### A.    Standard of Review.

This Court reviews a trial court's discovery orders for abuse of discretion. *La Union Del Pueblo Entero*, 68 F.4th at 235. "The district court's legal conclusions should be reviewed de novo, and its factual findings should not be disturbed unless they are clearly erroneous." *Id.* (quoting *Marceaux v. Lafayette City-Par. Consol. Gov't*, 731 F.3d 488, 491 (5th Cir. 2013)).

### B.    Legislative Privilege.

Under the doctrine of legislative immunity, federal, state, and regional legislators are entitled to invoke a testimonial privilege, called legislative privilege. *See Bogan v. Scott-Harris*, 523 U.S. 44, 48–50 (1998); *see also Hernandez v. City*

*of Lafayette*, 643 F.2d 1188, 1193 (5th Cir. 1981). This privilege stems from Article

I, Section 6 of the U.S. Constitution, which states:

> The Senators and Representatives . . . shall, in all Cases,
> except Treason, Felony and Breach of the Peace, be
> privileged from Arrest during their Attendance at the
> Session of their respective Houses, and in going to and
> returning from the same . . . .

U.S. Const., Art. I, § 6. That same clause encompasses the testimonial privilege

where it states, "and for any Speech or Debate in either House, [Senators and

Representatives] shall not be questioned in any other Place." *Id.* The United States

Supreme Court has stated this testimonial privilege was "designed to aid in the

effective functioning of government." *Gravel v. U.S.*, 408 U.S. 606, 617 (1972). It

does this by barring plaintiffs from deposing local legislators as to certain legislative

acts. *See id.* at 616 (holding that a senator could not be required to testify about

legislative acts that occurred in a subcommittee meeting); *see also Cunningham v.

Chapel Hill, ISD*, 438 F. Supp. 2d 718, 722 (E.D. Tex. 2006) ("The Supreme Court

and several circuit courts have clearly recognized that the doctrine of legislative

immunity protects legislative actors from being called to testify about their

legislative activities.").

   The doctrine of legislative privilege's protection extends to any individual

"performing legislative acts, regardless of the title of their positions, and regardless

of whether they were elected or appointed." *Bannum, Inc. v. City of Beaumont, Tex.*,

236 F. Supp. 2d 633, 635 (E.D. Tex. 2002) (citing *Calhoun v. St. Bernard Parish*, 937 F.2d 172, 174 (5th Cir.1991)); *see also Marrero v. City of Hialeah,* 625 F.2d 499, 508 (5th Cir.1980) ("[I]t is the official function that determines the degree of immunity required, not the status of the acting officer."); *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 272 (5th Cir. 2000) ("Legislative immunity protects officials fulfilling legislative functions even if they are not 'legislators.'"). Thus, the inquiry in this case turns on whether the actions by any current or former Board members to adopt or revise the District's dress and grooming code consisted of legislative activity, *i.e.,* whether they were legislative in nature. *See Oscar Renda Contracting, Inc. v. City of Lubbock, Tex.*, No. 5:05-CV-029-C, 2007 WL 9718491, at *2 (N.D. Tex. Sept. 17, 2007) ("[A] court must determine if the act for which the privilege is being asserted was a legislative act.").

"[A]ctions are 'legislative' if they have 'the purpose and effect of altering the legal rights, duties, and relations of persons ... outside the legislative branch.'" *Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446, 461 (5th Cir. 2022) (quoting *INS v. Chadha*, 462 U.S. 919, 952 (1983)). The enactment of a general policy is a legislative act as a matter of law. *Bryan*, 213 F.3d at 273 ("If the action involves establishment of a general policy, it is legislative."). As such, the enactment of the Board's policies are legislative acts as a matter of law, because they apply to the entire school district and are not "specifically focused" on any one individual or group. *See Oscar Renda*

9

*Contracting, Inc.*, 2007 WL 9718491, at *2. And so are all other activities inherent in the enactment of policies, such as voting on the policy and the subjective intentions and thoughts regarding the policy's enactment. *See, e.g., Bogan*, 523 U.S. at 55 (holding that a legislator's "acts of voting for an ordinance were, in form, quintessentially legislative"); *see also Harding v. Cnty. of Dallas, Tex.*, No. 3:15-CV-0131-D, 2016 WL 7426127, at *3–5 (N.D. Tex. Dec. 23, 2016) (noting that information about the subjective intent of a county official in making a policy decision would qualify as a legislative act); *Cunningham*, 438 F. Supp. 2d at 720 (holding that a school board member could not be made to testify about his voting decision to deny a Level III grievance and ratify the dissolution of a department due to legislative immunity); *Oscar Renda Contracting, Inc.*, 2007 WL 9718491, at *2 (finding that "any attempts to look beyond the actual decision to the underlying motivation of council members is an inappropriate type of inquiry as determined by the Supreme Court.") (citing *Bogan*, 523 U.S. at 54).

The policy at issue in this case is the portion of the District's dress and grooming code that governs the length of male students' hair. ROA.3118-22. The District's Board voted to adopt and approve the dress and grooming code that is in effect for the entire District. Accordingly, any acts or rationale possessed by Mr. Skinner, Dr. Poole, or any other current or former Board member relating to the adoption of the District's dress and grooming code are core legislative activities that

are protected by the testimonial privilege afforded by legislative immunity. The scope of information protected by legislative immunity and shielded by the testimonial privilege encompasses, but is not limited to, the subjective intentions, motivations, and thoughts on the District's dress and grooming code; the reasoning for voting for or against the dress and grooming code; and any information or discussions from closed or executive sessions. Thus, Dr. Poole, Mr. Skinner, and any current or former Board members are protected from testifying and revealing information related to these legislative acts.

**C.     The district court abused its discretion when it adopted a procedure that would force appellants to disclose information shielded by legislative privilege.**

Federal Rule of Civil Procedure 26(c) grants district courts the authority to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). Thus, a party may move under Rule 26(c) for a protective order barring discovery that would invade legislative privilege. That is exactly what the appellants did here. ROA.4186-4198; RE at Tab 4. The district court granted the motion for protection, in part, and denied it in part, entering an order that contained the following operative language:

(1) Parties should proceed with depositions and the deponents must appear and testify even if it appears likely that legislative privilege may be invoked in response to certain questions.

(2) Deponents may invoke legislative privilege in response to particular questions, but the deponent invoking the privilege must then answer the question in full. The response will be subject to the privilege.

(3) The portions of deposition transcripts containing questions and answers subject to the privilege shall be deemed CONFIDENTIAL as defined in Parties previously filed "Amended Protective Order" (*See* Dkt. No. 159-1).

(4) If a party wishes to use any portion of deposition testimony that is subject to legislative privilege, that party must seal those portions and submit them to the Court for in camera review, along with a motion to compel.

(5) Any such motion to compel shall be filed within 14 days of the deposition. The response will be due within 7 days after the motion is filed. Any reply will be due 7 days after the response is filed.

ROA.4447; RE at Tab 3. And, while the district court's order states that "Nothing in this order shall be construed as deciding any issue of legislative privilege[,]" the process adopted by the district court conclusively decides the issue – by forcing disclosure. ROA.4448 (alteration to punctuation added); RE at Tab 3.

The district court drew the procedure it used in its order from an order issued by the Western District of Texas in a redistricting case. ROA.4405. The Western District's order was subsequently found by a motions panel of this Court to be narrowly tailored to protect the legislative privilege and, as a result, the motions

panel declined the deponents' request to stay the depositions pending interlocutory appeal. *LULAC v. Abbott*, 2022 WL 2713263 (5th Cir. May 20, 2022). The Supreme Court then declined to issue a stay. *Guillen v. LULUC*, 142 S. Ct. 2773 (2022). Importantly, the motion panel focused on the qualified nature of legislative privilege and concluded that a balancing of interests was appropriate. *LULAC*, 2022 WL 2713263. Relying on the motion panel's decision, the district court determined that its procedure would properly balance the parties interests. ROA.5905.

In making this determination, however, the district court did not account for this Court's published decision in *La Union Del Pueblo Entero*, which was issued a year after the motion panel's non-precedential order, and held that the legislative privilege barred litigants' efforts to obtain documents that were shielded by legislative privilege. 68 F.4th 228 (5th Cir. 2023); ROA.4412 (appellants directing district court to recently issued decision in *La Union Del Pueblo Entero*). The import of *La Union Del Pueblo* is that discovery processes cannot be used to vitiate the legislative privilege and it effectively overruled the motion panel's conclusion that a balancing of interests was appropriate. *See id.*

This makes sense. That is because even though the district court, following the court in *LULAC*, appears to have tried to carefully craft a procedure and protect privileged testimony from disclosure after the deposition (including, marking any testimony as confidential, requiring an *in camera* review prior to any use of such

13

testimony, and warning the parties that disclosure of such testimony will result in sanctions), this is insufficient. Requiring a deponent to answer a question, even after the privilege is invoked, is tantamount to forcing the deponent to waive their individual legislative privilege. It is of no consequence if the testimony is immediately deemed confidential and all people present in the room are sworn to secrecy by the threat of sanctions – the testimony is still heard. And even if the Court requires a motion to compel to be filed and an *in camera* review conducted prior to the disclosure or use of any confidential testimony, this does not prohibit opposing counsel from strategically using the information in other respects, or other people present from disclosing the testimony intentionally or by mistake. And that is the very thing the privilege is designed to guard against.

What is clear from the law delineating the purpose of legislative privilege – that legislators cannot be forced to testify as to matters shielded by the privilege – is that an order like the district court's order that forces the testimony, violates the privilege. *La Union Del Pueblo Entero*, 68 F.4th at 237-240 (explaining that the privilege, when applicable, bars compelled discovery). Thus, because the district court's order requires disclosure of matters shielded by the legislative privilege, it constitutes an abuse of discretion and must be vacated.

**D.**     **The district court abused its discretion when it denied, in part, the District's motion for protective order and declined to limit the scope of deposition testimony.**

Even in moving for protection, the District acknowledged that Mr. Skinner and Dr. Poole possessed discoverable information that was not shielded by the legislative privilege by agreeing to present them for deposition. ROA.4188; RE at Tab 4; ROA.4273; ROA.4280; ROA.4288. However, because the appellees made clear their intention to question both witnesses on matters that are shielded by legislative privilege, the District requested that the district court restrict the scope of the anticipated question. ROA.5892-98 (discussion of assertion of legislative privilege during depositions). Specifically, the District sought to bar questioning on topics that would invade the legislative privilege. *See* Statement of the Case and Summary of the Argument, *supra*; *see also* ROA.4187; RE at Tab 4.

The district court concluded that the issue of privilege was not ripe for its consideration because it did not have specific questions and answers before it. ROA.4446-48; RE at Tab 3. In reaching this conclusion, the district court erred because the legislative privilege protects categories of information; it does not just apply to specific questions. *See La Union Del Pueblo Entero*, 68 F.4th at 235-36. Specifically, legislative privilege bars inquiring into all activities that are "… part and parcel of the modern legislative procedures…" *Id.* at 236. Thus, a district court should not need to look at specific questions – it can, and should, bar whole

15

categories of questions. This is because, at its root, the legislative privilege implicates "… the core question whether a lawmaker may 'be made to answer – either in terms of questions *or* in terms of defending … from prosecution.'" *Id.* at 237 (quoting *Gravel v. United States*, 408 U.S. 606, 616 (1972) (quotations, emphasis and omission in original)). And this case squarely presents the question of whether legislative privilege bars certain deposition questions in a civil rights case.

While this Court has not directly considered the extent to which legislative privilege bars depositions that seek to invade the legislative privilege, the Ninth Circuit has. In *Lee v. City of Los Angeles*, the plaintiffs in an equal protection lawsuit challenging the city's drawing of district boundaries, sought to depose city officials involved in the redistricting process. 908 F.3d 1175, 1181, 1186 (9th Cir. 2018). The city officials moved for protection from being deposed and the district court barred the depositions on the grounds that the depositions would invade the legislative privilege. *Id*. at 1181. The Ninth Circuit affirmed. *Id*. at 1187-88. In reaching its conclusion, the Ninth Circuit traced the history of legislative privilege back to its deep roots in the Sixteenth and Seventeenth Centuries and highlighted its importance. *Id*. And, the Ninth Circuit expressly rejected the contention that, just because a plaintiff brings a constitutional claim, the plaintiff is entitled to invade legislative privilege. *Id*. at 1188 (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977) for the proposition ". . . that 'judicial inquiries into

legislative or executive motivation represent a substantial intrusion' such that calling a decision maker as a witness 'is therefore usually 'usually to be avoided'").

This Court cited *Lee* in *La Union Del Pueblo Entero*, as support for its conclusion that legislative privilege barred the production of documents. 68 F.4th at 239. It stands to reason that, if legislative privilege bars the production of documents, it must bar the even more intrusive discovery that a deposition entails. *See* 68 F.4th at 239-40; *Lee*, 908 F.3d at 1186-88. This Court should adopt *Lee*'s analysis and hold that legislative privilege bars a plaintiff from seeking to ask questions in a deposition that invade the legislative privilege. And, building on *Lee*, this Court should hold that the district court abused its discretion when it denied the District's motion for protection seeking to limit the scope of appellees' deposition examination of Dr. Poole and Mr. Skinner.

## E. Appellees cannot establish in this appeal that legislative immunity does not apply.

As established above, Mr. Skinner, Dr. Poole, and other District witnesses are entitled to assert the testimonial privilege to protect legislative immunity in response to questions that would seek to invade the privilege. And, as explained below, appellees cannot establish any exception to the application of legislative immunity.

1. <u>The very limited "extraordinary instances" exception to the applicability of legislative immunity does not apply as a matter of law.</u>

The Supreme Court in *Arlington Heights* held that "[i]n some extraordinary instances[,] the members [of the relevant governmental entity] might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege." *Vill. of Arlington Heights*, 429 U.S. at 268. While the Supreme Court did not define "extraordinary instances," lower court decisions shed light on the issue.

The Ninth Circuit observed that *Arlington Heights* "itself was an equal protection claim alleging racial discrimination – putting the government's intent directly at issue – but [the Supreme Court] nonetheless suggested that such a claim was not, in and of itself, within the subset of 'extraordinary instances' that might justify an exception to the privilege." *Lee*, 908 F.3d at 1188. Likewise, the First Circuit, in 2021, mirrored this analysis, explaining that "were we to find the mere assertion of a federal claim sufficient, even one that addresses a central concern of the Framers, the privilege would be pretty much unavailable largely whenever it is needed." *American Trucking Associations, Inc. v. Alviti,* 14 F.4th 76, 88 (1st Cir. 2021).

Additionally, while this Court has never found extraordinary circumstances to exist, it has acknowledged the exception and made clear the heavy burden necessary to show that extraordinary circumstances defeat the privilege. *See Veasey v. Abbott*,

830 F.3d 216, 233 (5th Cir. 2016); *see also League of United Latin Am. Citizens Abbott v. United States*, No. 22-50407, 2022 WL 2713263, at *2 (5th Cir. May 20, 2022). In *Veasey,* this Court held that the lower court "mistakenly relied in part on speculation" about a legislator's motives behind voting a certain way on Texas Senate Bill 14. *Id.* In making this finding, this Court cited the "extraordinary instances" language from *Arlington Heights* to support its assertion that "[d]iscerning the intent of a decisionmaking body is ***difficult and problematic***." *Id.* (emphasis added). Relying on Supreme Court authority, this Court continued, stating that "[i]nquiries into congressional motives or purposes are a ***hazardous matter***." *Id.* (emphasis added) (quoting *United States v. O'Brien*, 391 U.S. 367, 383–84 (1968)). And, most recently, this Court reiterated these sentiments, explaining that the "extraordinary" civil case exception cannot subsume the rule. *La Union Del Pueblo Entero*, 68 F.4th at 238. This case, which involves nothing more than a challenge to a school district's grooming policy, simply cannot be the hypothetical "extraordinary" civil case that defeats legislative privilege. *See Karr v. Schmidt,* 460 F.2d 609 (5th Cir. 1972) (en banc) (establishing per se rule that challenges to school district grooming policies are not actionable).

Further, in analyzing the contours of legislative immunity and the testimonial privilege, the Texas Supreme Court has concluded that, at a minimum, "all other available evidentiary sources must first be exhausted before

extraordinary circumstances will be considered." *In re Perry*, 60 S.W.3d 857, 860–62 (Tex. 2001); *see also Austin Lifecare, Inc. v. City of Austin*, No. A-11-CA-875-LY, 2012 WL 12850268, at *2 (W.D. Tex. Mar. 20, 2012) ("Additionally, the court finds Plaintiffs have alternative methods for discovering the information they seek, as they may obtain direct evidence from other sources").

Against this backdrop of legal authority, appellees are left to argue they are entitled to inquire into "each board member's mindset, intent, and reasoning for his or her decision" to adopt a race-neutral dress and grooming code, merely because they bring a race discrimination claim. *See* ROA.3501-02. However, alleging racial discrimination is not, in and of itself, an "extraordinary instance" warranting an intrusion into the legislative process. *See, e.g., Lee,* 908 F.3d at 1187–88. This makes sense. Otherwise, legislative immunity would not be available in a large category of cases. And there is nothing in caselaw or the history and tradition that supports the doctrine of legislative immunity that would support such a result. To the extent appellees attempt to rely on their gender claim to establish extraordinary circumstances, the Court should reach the same result for the same reasons.

2.     Appellants have not waived their legislative privilege.

To the extent appellees attempt to argue appellants' legislative privilege has been waived (as they did in their district court filings), *La Union Del Pueblo Entero* narrowly constrains the waiver doctrine as it applies to legislative privilege.

Specifically, it is only when items of information – documents, conversations, or thoughts – have been publicly disclosed outside the legislative process, that waiver of the privilege will apply. 68 F.4th at 236. And the very nature of the topics that Dr. Poole and Mr. Skinner contend are shielded by legislative privilege – *i.e.*, those things unknown to the public – cannot be found to be the subject of a waiver of the privilege.

**F.    The district court abused its discretion by issuing an order to enforce the deposition procedure after this interlocutory appeal was perfected.**

When a notice of appeal is filed in a case, the trial court is divested of jurisdiction over the issues subject to the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *United States v. Green*, 882 F.2d 999, 1001 (5th Cir. 1989) ("The filing of a timely and sufficient notice of appeal does transfer jurisdiction over matters involved in the appeal from the district court to the court of appeals, thus divesting the district court of jurisdiction to take any action with regard to the matter except in aid of the appeal."). Due to the transfer of jurisdiction from a district court to the court of appeals upon filing of a notice of appeal, orders issued by a district court in the absence of jurisdiction are null and void. *United States v. Willis,* --- F.4th ---, 2023 WL 5013686, at *4 (5th Cir. Aug. 7, 2023) (citing 16A WRIGHT & MILLER

§ 3949.1); *United States v. Lucero*, 755 F. App'x 384, 385-86 (5th Cir. 2018) (same); *Collin Cty. v. Siemens Bus. Servs., Inc.*, 560 F. Supp. 2d 525, 527 (E.D. Tex. 2006) (same); *Judd v. Furgeson*, 239 F. Supp. 2d 442, 446-447 (D.N.J. 2002) (district court recognizing its order was void when entered during this pendency of an interlocutory appeal under the collateral order doctrine).

And, yet, despite this well-established rule, the district court issued an order after this appeal was filed enforcing the very ruling that was appealed by compelling the appellants to sit for deposition and testify to matters subject to the legislative privilege. ROA.4500. This Court should hold that the district court's enforcement order was null and void because it was issued in the absence of jurisdiction. *See Willis*, 2023 WL 5013686, at *4.

## G.    This Court should clarify that the filing of an interlocutory appeal automatically stays all district court proceedings related to the appeal.

In this case, the district court took the view that it could enforce its order despite the transfer of jurisdiction because the case was not stayed. ROA.5956-59 (status conference discussion regarding absence of stay); ROA.4500 (order compelling deposition in accordance with order setting deposition procedures); *see also LULAC*, 2022 WL 2713263 (motions panel of this Court denying stay request because deposition order was "vigilant and narrow" in effort to protect legislative privilege). The lack of an automatic stay upon the filing of a notice of interlocutory appeal creates a lack of clarity as to the scope of a trial court's authority to act during

the pendency of an appeal. This Court should clarify that – regardless of whether a stay is imposed – a trial court's order that is issued to enforce an order that is the subject of a pending appeal, is void. *Willis,* 2023 WL 5013686, at *4.

## CONCLUSION AND PRAYER

Legislative privilege protects District witnesses from answering questions regarding legislative activities, including the mindset, intent, and reasoning behind any current or former Board members' decision to adopt the District's dress and grooming code. The district court's order effectively stripped the witnesses of their legislative privilege. As such, this Court should reverse and vacate the district court's orders establishing a deposition protocol that requires them to answer deposition questions despite invoking legislative privilege and enforcing compliance with the protocol. Further, this Court should hold that the district court abused its discretion when it denied, in part, the District's motion for protection, and declined to limit the scope of permissible deposition testimony. This Court should also vacate the district court's order compelling the depositions as null and void and, in doing so, clarify that an interlocutory appeal automatically stays all district court proceedings related to the appeal. Finally, this Court should award appellants their taxable costs of appeal.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

/s/ Jonathan Griffin Brush

RICHARD A. MORRIS
State Bar No. 14497750
rmorris@rmgllp.com
JONATHAN GRIFFIN BRUSH
State Bar No. 24045576
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
ROGERS, MORRIS & GROVER, LLP
5718 Westheimer Road, Suite 1200
Houston, Texas 77057
Telephone: (713) 960-6000
Facsimile: (713) 960-6025

*Attorney for Defendants-Appellants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 1, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

I further certify that (1) the required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

I further certify that I will mail the correct number of paper copies of the foregoing document to the Clerk of the Court when requested.

/s/ Jonathan Griffin Brush

_____

Jonathan Griffin Brush
*Attorney for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to FED. R. APP. P. 32(a)(7)(B) and Local Rule 32.3, the undersigned certifies:

1.    This Brief complies with the type-volume limitations of FED. R. APP. P. 32(a)(7)(B)(i) because:

      X      this brief contains **5,549** words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), *or*

            this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.    This Brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

      X      this Brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2023 in 14 point Times New Roman font in text and 12 point Times New Roman font in footnotes, *or*

            this Brief has been prepared in a monospaced typeface using _____ with _____.

3.    The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5th Cir. R. 32(a)(7)(B)(i) may result in the Court's striking the Brief and imposing sanctions against the person signing the Brief.

/s/ Jonathan Griffin Brush

_____

Jonathan Griffin Brush
*Attorney for Defendants-Appellants*