

December 12, 2023

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:  *Arnold v. Barbers Hill Independent School District*,
          Docket No. 23-20256

Dear Mr. Cayce:

      Pursuant to Rule 28(j), Plaintiffs-Appellees respectfully submit *Ben Toma v. United States District Court for the District of Arizona*, No. 23A452 (Nov. 27, 2023) in support of affirmance.

      Therein, the Supreme Court denied legislators' application for a stay of depositions on the grounds of legislative privilege where the legislators waived the privilege when they "specifically put their own motives for passing the Voting Laws at issue when denying Plaintiffs' allegations that the Arizona Legislature enacted the Voting Laws with discriminatory intent." *Mi Familia Vota v. Fontes*, No. CV-22-00509-PHX-SRB, 2023 WL 8183557, at *2 (D. Ariz. Sept. 14, 2023). *Accord In re: Ben Toma*, No. 23-70179, 2023 WL 8167206, at *1 (9th Cir. Nov. 24, 2023) ("The district court did not clearly err in determining that Petitioners waived their legislative privilege by voluntarily intervening and putting their intent at issue by denying Plaintiffs' allegations."). The Supreme Court's denial of the stay had the effect of requiring the legislators to sit for depositions concerning the legislature's intent.

      While the individuals claiming legislative privilege here did not intervene in the lawsuit, they did "specifically put their own motives" at issue and waive the privilege by voluntarily wielding evidence concerning their purported motives as a sword to defend against Plaintiffs-Appellees' claims. Intervention, of course, is not a prerequisite to a finding of waiver. *See, e.g.*, *La Union Del Pueblo Entero v. Abbott*, 68 F.4th 228, 236–37 (5th Cir. 2023) (noting that non-party legislators (who had not intervened in the lawsuit) would have waived legislative privilege if they had publicly revealed certain documents). Indeed, undersigned counsel are unaware of any case wherein the Supreme Court stayed the deposition of legislators who waived legislative privilege by seeking

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

naacpldf.org
212-965-2200



to use allegedly privileged information as both a sword and a shield. *Cf. Guillen v. LULAC*, 142 S. Ct. 2773 (2022) (Mem.) (declining to stay depositions of legislators despite their concerns about legislative privilege).

Respectfully submitted,

/s/ Michaele N. Turnage Young
Michaele N. Turnage Young
Victor Jones
Joseph Wong
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th Street N.W., Ste. 600
Washington, D.C. 20005
(202) 682-1300

Janai S. Nelson
Ashley Burrell
Alexandra S. Thompson
Patricia N. Okonta
Alaizah Koorji
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, New York 10006
(212) 965-2200

Roxanne Tizravesh
Nicholas E. Petree
R. Conor Tomalty
Nik Soni
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, Ste. 44
Houston, Texas 77002
(713) 220-5800

Evan Frohman

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

naacpldf.org
212-965-2200



Advancing racial
justice since 1940

AKIN GUMP STRAUSS HAUER &
FELD LLP
1 Bryant Park
New York, NY 10036

*Counsel for Plaintiffs-Appellees*

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

naacpldf.org
212-965-2200