
5718 WESTHEIMER ROAD, SUITE 1200
HOUSTON, TEXAS 77057
PHONE: (713) 960-6000 ▪ FAX: (713) 960-6025
**www.rmgllp.com**

JONATHAN G. BRUSH
Direct Dial: (713) 960-6007
jbrush@rmgllp.com



December 14, 2023

<u>*Via CM/ECF*</u>
Lyle W. Cayce, Clerk
United States Court of Appeals, Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:    No. 23-20256; *Arnold v. Barbers Hill Indep. Sch. Dist.*

Dear Mr. Cayce:

In their Rule 28(j) advisory, Plaintiffs-Appellees referred the Court to *Toma v. United States District Court for the District of Arizona*, No. 23A452, 2023 WL 8178439 (Nov. 27, 2023), a summary denial of a stay application. But, upon review, it's clear this "supplemental briefing" is inappropriate and should be disregarded.

*First*, Plaintiffs-Appellees didn't comply with Rule 28(j), as they didn't refer to the page of the brief they intended to supplement with citations. As such, their "supplemental briefing" is "not an appropriate use of a Rule 28(j) letter." *Johnson v. Tyson Foods, Inc.*, 22-10171, 2023 WL 2645553, at *4 n.7 (5th Cir. Mar. 27, 2023).

*Second*, Plaintiffs-Appellees' reliance on a summary stay denial (totaling 17 words) is misplaced. "[D]ecisions by either a single Justice or the full Court to *deny* a stay application cannot have any precedential or persuasive effect." Trevor N. McFadden, *The Precedential Effects of the Supreme Court's Emergency Stays*, 44 Harv. J. of L. & P.P. 827, 849 (2021). A decision lacking "any precedential or persuasive effect" is not "pertinent and significant" under Rule 28(j).

*Third*, the case underlying *Toma*'s stay denial doesn't address any pending issues. *Mi Familia Vota v. Fontes*, No. CV-22-00509-PHX-SRB, 2023 WL 8183557 (D. Ariz. Sept. 14, 2023). *Fontes* focuses on waiver. Here, the district court didn't find waiver, so a case exploring its contours is not germane. If Plaintiffs-Appellees wanted to brief waiver, they should have cross-appealed. If they wanted to cite *Fontes*, they could have done so in their response brief. They did neither.

*Fourth*, the *Fontes*' holding doesn't apply. *Fontes* hinges on state legislators "voluntarily intervening" in a lawsuit. *Id.* at *2–3. The district court's analysis focused on the scope and legal effect of intervention. *Id.* But, as Plaintiffs-Appellees concede, there was no intervention here. Unlike the state legislators in *Fontes*, Trustee Skinner and Superintendent Poole sought "immunity from this suit" and do not seek "to actively participate in this litigation." *Id.* at *2. Plaintiffs-Appellees cherry-pick verbiage to try and shoehorn their case into *Fontes*' holding, but it provides no support.

Very truly yours,

Rogers, Morris & Grover, L.L.P.

Jonathan G. Brush

cc:    Counsel of Record    *(Via CM/ECF)*

