

5718 WESTHEIMER ROAD, SUITE 1200
HOUSTON, TEXAS 77057
PHONE: (713) 960-6000 ▪ FAX: (713) 960-6025
**www.rmgllp.com**

**JONATHAN G. BRUSH**
Direct Dial: (713) 960-6007
jbrush@rmgllp.com




April 9, 2024

***Via CM/ECF***
Lyle W. Cayce, Clerk
United States Court of Appeals, Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

Re: No. 23-20256; *Arnold v. Barbers Hill Indep. Sch. Dist.*

Dear Mr. Cayce:

Pursuant to Rule 28(j), Defendants-Appellants respectfully submit *In re Fort Worth Chamber of Commerce, et al.*, ___ F.4th ___, No. 24-10266 (5th Cir. Apr. 5, 2024), in support of vacating the district court's enforcement order. Defendants-Appellants intend this decision to supplement pages 21–23 of their opening brief and page 24 of their reply brief.

In *In re Fort Worth*, the district court implicitly denied a preliminary injunction and, while the appeal of that denial was pending, granted a motion to transfer the case to an out-of-circuit district court. Slip op. at 1–2. The aggrieved party sought relief from the district court's order, and this Court explained that "[o]nce a party properly appeals something a district court has done . . . the district court has zero jurisdiction to do anything that alters the case's status." *Id.* at 2, 9–10.

Similarly, the district court here sought to enforce the very order Defendants-Appellants appealed and compel Defendants-Appellants to sit for depositions and testify to matters protected by the legislative privilege. Had this Court not intervened, the district court's enforcement order would have decided the issues raised on appeal, effectively forcing Defendants-Appellants to waive the legislative privilege. *See id.* at 11 (noting that the district court's order "would essentially nullify the appeal and render us unable to grant relief"). But, as this Court noted, "[a] notice of appeal from an appealable order divests the district court of jurisdiction over aspects of the case on appeal." *Id.* at 10.

*In re Fort Worth* reiterates a simple principle that the court below did not follow and Plaintiffs-Appellants tacitly concede on appeal given their lack of briefing on the issue. Therefore, Defendants-Appellants request that the Court consider *In re Fort Worth* and vacate the district court's void enforcement order, which was issued without jurisdiction.

Very truly yours,

Rogers, Morris & Grover, L.L.P.

Jonathan G. Brush

cc: Counsel of Record *(Via CM/ECF)*

